[Civ. No. 46958. First Dist., Div. One. June 9, 1981.]

ROY D. YORK et al., Plaintiffs and Appellants, v.
BOARD OF SUPERVISORS OF SANTA CLARA COUNTY,
Defendant and Respondent.

**COUNSEL**

Leo J. Faulstich and Jones & Burriss for Plaintiffs and Appellants.

Selby Brown, Jr., County Counsel, and Robert A. Weers, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**GRODIN, J.**—Appellants, the Fremont Fire District Board of Commissioners, brought an action for declaratory relief to determine whether they or respondent Santa Clara County Board of Supervisors constitute the district board of directors, within the meaning of the Fire Protection District Law of 1961 (Health & Saf. Code, § 13801 et seq.), of the Fremont Fire District. They appeal from a judgment in favor of respondent, following an order granting respondent's motion for summary judgment and dismissing the complaint. We affirm.

### HISTORY

The Fremont Fire District was established as a county fire protection district on June 25, 1928, pursuant to a resolution of the Santa Clara County Board of Supervisors and state legislation enacted in 1923 (the 1923 Act) which authorized the formation of such districts in unincorporated territory of the county. (Stats. 1923, ch. 191.) Section 5 of the 1923 Act, as amended in 1925, provided: "The *board of supervisors* of any county wherein any county fire protection district is established shall be the *governing body* thereof and shall have power to make and enforce all rules and regulations necessary for the administration and government of such district and for the furnishing of fire protection thereto; to appoint agents and employees for such district sufficient to

maintain and operate the property acquired for the purposes of the district and to police the district; to acquire real or personal property needful for the purposes of said district and to dispose of the same when no longer needed; to construct any needed structures; and to perform all other acts necessary or proper to accomplish the purposes of this act. Such board shall have authority to purchase fire hydrants and connect them with the mains of a water distributing company upon terms mutually agreed upon. The board of supervisors may, by resolution or order spread upon its minutes, *appoint five commissioners* as its agents to manage the affairs of said district and exercise *any or all* of the powers herein specified. In such case said commissioners shall elect one of their number president and another secretary, and hold stated meetings periodically and as often as the business of the district may require. Said commissioners shall hold office *at the pleasure of* said board and shall serve without compensation." (Stats. 1923, ch. 191, § 5, as amended, Stats. 1925, ch. 370, § 2; italics added.) On the same day that the Fremont Fire District was established, the board of supervisors appointed "a commission of five members . . . to manage the affairs" of the district "with all the powers relative thereto conferred upon the Board of Supervisors by the provisions of" section 5 of the 1923 Act, as amended in 1925. The first commissioners were appointed to serve "at the will and pleasure of" the board of supervisors. Section 5 of the 1923 Act was amended in 1929, in 1931, in 1933, and in 1937; but throughout those amendments, the county board of supervisors remained the "governing body" of the county fire protection district. (Stats. 1929, ch. 614; Stats. 1931, ch. 762; Stats. 1933, ch. 212; Stats. 1937, ch. 335.)

Comprehensive legislation establishing the Health and Safety Code was enacted in 1939. (Stats. 1939, ch. 60.) The fire district laws were codified in part 3 of division 12 of the code. (Health & Saf. Code, § 14001 et seq.) The 1939 codification provided for four different types of fire districts: "Fire Protection Districts in Unincorporated Areas" (pt. 3, ch. 1), "Metropolitan Fire Protection Districts" (pt. 3, ch. 1A), "County Fire Protection Districts" (pt. 3, ch. 2), and "Fire Protection Districts in One or More Counties" (pt. 3, ch. 3). Chapter 2 of part 3 (Health & Saf. Code, former §§ 14400-14592), concerning county fire protection districts, derived from the 1923 Act. (Stats. 1939, Appen., p. 3363.)

Former section 14404 of the Health and Safety Code provided from the date of its enactment until its repeal in 1967: "'Board,' as used in

this chapter, means the board of supervisors of the county in which the district is situated." (Stats. 1939, ch. 60, § 14404.)

Former section 14440 provided from the date of its enactment until its repeal in 1967: "The board is the *governing body* of the district and may make and enforce all rules and regulations necessary for the administration and government of the district, for the furnishing of fire protection to, and for the elimination of fire hazards in, the district." (Stats. 1939, ch. 60, § 14440; italics added.)[1]

The Fire Protection District Law of 1961 (the 1961 Law) now governs the four types of fire districts which had been authorized by part 3 of division 12 of the code. (Stats. 1961, ch. 565.) The 1961 legislation added the 1961 Law to the code as part 2.7 of division 12 (Health & Saf. Code, §§ 13801-13999) and left the existing legislation contained in part 3 (Health & Saf. Code, § 14001 et seq.) intact. (Stats. 1961, ch. 565, § 1.) A section was added, however, to each of the four chapters in part 3 which governed, respectively, the four types of fire districts authorized prior to 1961. (Stats. 1961, ch. 565, §§ 2, 3, 4, 5.) Each of those four sections contained the same language; and each of

---

[1]Express authority for the appointment of commissioners was not included in the comprehensive legislation (Stats. 1939, ch. 60); but two different statutes were enacted in 1939, apart from the comprehensive measure, which supplied that express authority. The following provision was codified as section 14453: "The board may, by resolution or order entered upon its minutes, appoint five commissioners to act as its agents in managing the affairs of the district and in exercising any or all of the powers vested in it. Commissioners so appointed shall: [¶] (a) Hold office at the pleasure of the board and serve without compensation. [¶] (b) Elect one of their number president and another secretary. [¶] (c) Hold meetings periodically and as often as the business of the district may require." (Stats. 1939, ch. 381.) Section 14453 was amended in 1953 by adding a provision authorizing the board to "call for the election of five commissioners" as an alternative to appointing them. (Stats. 1953, ch. 643, § 1.) By separate enactment in 1939, and in addition to section 14453, article 4.5 (Health & Saf. Code, former § 14455 et seq.), entitled "Commissioners," was added to chapter 2 of part 3 (division 12) of the code—the chapter concerning county fire protection districts. (Stats. 1939, ch. 218.) As originally enacted, the first four sections of article 4.5 were nearly identical to the provisions of section 14453. The article was amended from time to time until its repeal in 1967. (Stats. 1967, ch. 540, § 4.) Former section 14455.11, one of the post-1939 additions to article 4.5, provided: "Where the commissioners are appointed by the board, the board shall determine whether the commissioners shall serve at the pleasure of the board, or for a term of four years subject to removal by the board for cause. If the commissioners are appointed for four-year terms, the terms of members first appointed shall expire as follows: one member, one year from the effective date of his appointment; one member two years from the effective date of his appointment; one member three years from the effective date of his appointment; and two members four years from the effective date of their appointments. The determination as to which commissioners shall serve the one-, two-, three- and four-year terms shall be determined by the board by lot." (Added Stats. 1959, ch. 1966, § 2; operative Jan. 1, 1960.)

them—including former section 14407, which was added to chapter 2 (concerning county fire protection districts) of part 3—read as follows: "No district shall be created or organized pursuant to this chapter after the effective date of this section. At any time *within five years* after the effective date of this section, *any district* heretofore created or organized pursuant to this chapter *may elect* to come under the provisions of Part 2.7 (commencing with Section 13801), Division 12 of the Health and Safety Code *and shall by resolution of the governing body of a district with an elected board of directors, or by resolution of the supervising authority of a district with an appointed board of directors*, certify to the Secretary of State that the district has elected to conform to the provisions of that part. [¶] Any district organized prior to the effective date of this section *which has not, within five years* after the effective date of this section, elected to come under the provisions of Part 2.7 (commencing with Section 13801), Division 12 of the Health and Safety Code *shall automatically be considered* as organized and operating under that part. *Upon the automatic reorganization of a district, the governing body of the former district shall be deemed to be the governing body of the reorganized district* and the assets and liabilities of the former district shall vest in the reorganized district." (Health & Saf. Code, former §§ 14022, 14328, 14407, 14606; italics added.)[2]

The parties in this case agree that "[r]eorganization of the Fremont Fire District to conform to the provisions of the 1961 Law occurred during 1965." By a petition dated October 19, 1965, the Fremont Fire District Board of Commissioners asked the Santa Clara County Board of Supervisors "to institute such action as may be necessary to reorganize the Fremont Fire District under" the 1961 Law. The petition provides in part, "It is the Fremont Fire District's desire that all phases of District operation remain as they now are."

On November 1, 1965, the Santa Clara County Board of Supervisors passed a resolution which provides in part:

"WHEREAS, Section 14407 of the Health and Safety Code provides that at any time within five years after the effective date of this section,

---

[2]The terms "supervising authority" and "board of directors" were not contained in chapter 2 of part 3 until the addition in 1961 of former section 14407, quoted above; and those terms are not defined in that section. The 1961 Law—part 2.7 of division 12 of the code—defines terms used in *that* part. Except in circumstances not relevant here, the term "supervising authority," as used in part 2.7, means the board of supervisors. (Health & Saf. Code, § 13806.) "'District board,' as used in [part 2.7] means the board of directors of a district." (Health & Saf. Code, § 13807.)

any district organized as a County Fire Protection District may elect to come under the provisions of Part 2.7 (commencing with Section 13801), Division 12 of the Health and Safety Code and shall *by resolution of the supervising authority of a district with an appointed board of directors*, certify to the Secretary of State of the State of California, that the district has elected to conform to the provisions of that part; and

"WHEREAS, a fire protection district may voluntarily conform *as presently organized and constituted* to the Fire Protection District Law of 1961, and be considered as organized and operating under the provisions of that part.

"NOW, THEREFORE, BE IT RESOLVED by the Board of Supervisors of the County of Santa Clara, State of California, and it is ordered as follows:

"That the FREMONT FIRE DISTRICT of Santa Clara County has voluntarily elected to conform *as presently organized and constituted* and is hereby deemed organized and constituted as a fire protection district pursuant to the provisions of Part 2.7 of Division 12, commencing with Section 13801 of the California Health and Safety Code, and acts amendatory thereof and supplementary thereto; and

"BE IT FURTHER RESOLVED that this order be certified to the Secretary of State of the State of California as provided by Section 14407 of the Health and Safety Code." (Italics added.)

The certificate of the Secretary of State, dated November 5, 1965, contains the following recital: "[I]t appears that the *directors* of the district shall be appointed by and serve at the pleasure of the Board of Supervisors, *as heretofore*." (Italics added.)

In 1967, after the five-year period designated in Health and Safety Code section 14407 (and its identical sister sections) had elapsed, the Legislature repealed chapters 1, 1A, 2, and 3 of part 3 (division 12) of the code—the chapters governing the four types of fire districts authorized prior to 1961. (Stats. 1967, ch. 540, §§ 2, 3, 4, 5.) As part of chapter 3, section 14407 was repealed along with the rest of chapter 3. (Stats. 1967, ch. 540, § 4.) The Fire Protection District Law of 1961 remained effective as part 2.7 of division 12. (Health & Saf. Code, § 13801 et seq.) The 1961 Law contains the following provision: "No

person shall be a candidate for or be appointed to or hold office on the district board unless he is a voter of the district or proposed district." (Health & Saf. Code, § 13894; added Stats. 1961, ch. 565, § 1.)

It appears from the record in this matter that at the time of trial, none of the members of the Santa Clara County Board of Supervisors were voters of the Fremont Fire District. The parties agree that each member of the Santa Clara County Board of Supervisors is required to be elected by the supervisorial district which he represents (see Gov. Code, § 25040) and that the Fremont Fire District is wholly contained within one of those supervisorial districts. Consequently, pursuant to the Government Code, there could never be more than one county supervisor who is also a voter of the Fremont Fire District.

## DISCUSSION

■ Appellants contend that as a result of the 1965 reorganization,[3] the board of commissioners of which they are members is the "district board" of the Fremont Fire District, within the meaning of the Fire Protection District Law of 1961. They agreed at the hearing of this matter in the superior court that their contention presents no questions of fact and that its validity depends upon statutory interpretation.

The 1961 Law, as amended in 1963, provides four alternative "methods of selecting the board of directors of" a fire protection district: (a) the board of directors may be *composed of* the supervising authority; (b) the board of directors may be *appointed by* the supervising authority; (c) the board of directors may be appointed by and from the board of supervisors *and* by and from the city councils of the cities included within the district; or (d) the board of directors may be *directly elected*, pursuant to the election provisions contained in part 2.7 (division 12) of the Health and Safety Code. (Health & Saf. Code, § 13831, subds. (a)-(d); Stats. 1961, ch. 565, § 1, as amended, Stats. 1963, ch. 1646, § 1.) The first two alternative methods of selection, set forth in subdivisions (a) and (b) of section 13831, are particularly relevant here. Those subdivisions provide: "A petition or resolution which proposes the for-

---

[3]Neither appellants nor respondent seriously question the validity of "the 1965 reorganization." We express no opinion as to whether the requirements for reorganization set forth in chapter 11 of the 1961 Law were met. (See, e.g., Health & Saf. Code, §§ 13977 [specification of method of selecting board of directors], 13978 [publication], 13979 [hearing].) If the petition and resolution in 1965 were ineffective, then the "automatic reorganization" provision of former section 14407 will have tendered the issue which we address.

mation of a district shall specify one of the following methods of selecting the board of directors of the district: [¶] (a) That the board of directors shall be *composed of* the supervising authority. [¶] (b) That the board of directors shall have five members *appointed by* the supervising authority. [¶] Where the members of the board of directors are appointed by the supervising authority, the board shall determine whether the members of the board of directors shall serve at the pleasure of the supervising authority, or for a term of four years subject to removal· by the supervising authority for cause. If the members of the board of directors are appointed for four-year terms, the terms of members first appointed shall expire as follows: one member, one year from the effective date of his appointment; one member, two years from the effective date of his appointment; one member, three years from the effective date of his appointment; and two members, four years from the effective date of their appointments. The determination as to which members of the board of directors shall serve the one-, two-, three- and four-year terms shall be determined by the supervising authority by lot." (Health & Saf. Code, § 13831, subds. (a), (b); italics added.)[4]

According to appellants, the Fremont Fire District is organized pursuant to subdivision (b) of section 13831, so that the former board of commissioners is now the board of directors. They argue that "under the provisions of Health and Safety Code Section 13894 [the 'voter of the district' requirement], a finding that a Board of Supervisors is the District Board would necessarily mean that there would be no one eligible to serve on that Board." Appellants' interpretation "limits that alternative [set forth in subd. (a) of § 13831] to situations in which the fire district is county-wide, thus insuring the representative governance which section 13894 was obviously intended to provide."[5]

---

[4]The language following the first sentence of subdivision (b) of section 13831 is nearly identical to the language of former section 14455.11. (*Ante*, fn. 1) The term "members of the board of directors" has been substituted for "commissioners"; and "supervising authority" has with one exception been substituted for "board," which was defined in former section 14404 to mean "the board of supervisors." Subdivision (b) was added to section 13831 by the 1963 amendment. (Stats. 1963, ch. 1646, § 1.)

[5]Appellants conclude from the recitals contained in the supervisors' resolution and the certificate of the Secretary of State that the "directors" were "appointed" by the board of supervisors; and because the board of commissioners is the only board to which appointments have ever been made with regard to the fire district, appellants submit that the commissioners must now be the district directors. Respondent infers from the recitals that the district was brought within the terms of the 1961 Law without change in its organizational structure. According to respondent, the recitals are erroneous insofar as they imply that the "directors" hold office by appointment. We find the recitals ambivalent at best, and our disposition of this case in no way depends upon their significance. (See *ante*, fn. 3.)

Respondent submits that the district board is "composed of" the board of supervisors, pursuant to subdivision (a) of section 13831, primarily on the ground that former section 14407 (cited in the supervisors' resolution) "did not provide a mechanism for altering a district's governmental structure." According to respondent, Health and Safety Code section 13894 (the "voter of the district" requirement) was not intended to apply to fire districts governed by boards of supervisors.

The language of section 13894 is identical to the language of former section 14134, contained in former chapter 1 of part 3 (division 12) of the Health and Safety Code. Former chapter 1 concerned local fire districts. Under former chapter 1, members of the district board were directly elected. (Health & Saf. Code, former §§ 14051-14055.)[6] Former chapter 3, concerning county fire protection districts such as the Fremont Fire District, contained no "voter of the district" requirement. Section 13894 is presently contained in chapter 6 of part 2.7 (division 12) of the Health and Safety Code. Chapter 6 is entitled "Provisions Relating to Elections."[7] Its present context and legislative history indicate that section 13894 does not apply to districts organized pursuant to subdivision (a) of section 13831.[8]

Before 1965, statutory authority to govern the Fremont Fire District was vested in the Santa Clara County Board of Supervisors. (Health & Saf. Code, former §§ 14404, 14440 et seq.) The 1961 Law clearly did not contemplate that in order for the district to conform to its terms, the change in organizational structure propounded by appellants would necessarily have to occur. (See, e.g., Health & Saf. Code, § 13814.)[9] Accordingly, we hold that statutory authority to govern the district is presently vested in the board of supervisors, pursuant to section 13831,

[6]The term "district board" in former chapter 1 referred to the board of fire commissioners. (See Health & Saf. Code, former §§ 14051-14055; and see *ante*, fn. 4.)

[7]Although section 13894 contains a reference to persons "appointed to" the district board, section 13840 provides that "[a]ny vacancy in the office of a member *elected* to the district board shall be filled by appointment by the district board for the unexpired term." (Italics added.)

[8]We need not determine whether the "voter of the district" requirement of section 13894 applies to districts organized pursuant to subdivision (b) of section 13831. The parties cite nothing in the record which indicates whether *appellants* are "voters" of the Fremont Fire District.

[9]Reorganization of the district board may be accomplished in the future, if the taxpayers of the district so desire, by verified petition and order of the board of supervisors pursuant to chapter 11 of the 1961 Law. (Health & Saf. Code, § 13975 et seq.; see 53 Ops.Cal.Atty.Gen. 237 (1970).)

subdivision (a), and section 13852 of the Health and Safety Code; and that respondent is the "district board" of the Fremont Fire District within the meaning of the Fire Protection District Law of 1961.

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.